◼ In the Matter of KENNETH S., Appellant.—Appeals from two orders of the Family Court, Kings County, both dated February 24, 1976, one made upon an adjudication that appellant was a juvenile delinquent and the second upon an adjudication that appellant was a person in need of supervision, both of which ordered that appellant be placed with the Division for Youth, Title III. Orders reversed, without costs or disbursements, and proceedings remanded to the Family Court (a) to determine whether appellant should be placed as a person in need of supervision (PINS) or as a juvenile delinquent and (b) to allow appellant limited access to the probation report, prior to either of such dispositions. Appellant had been adjudicated a PINS and a delinquent on separate petitions; the dispositions under review classified him as both. Subsequent to the dispositional hearing, the Division for Youth informed the Family Court that it required a clear indication of which status the placement rested upon. Without notifying the parties of the new option to place appellant in either a PINS facility or one for delinquents, the Family Court chose the latter. When, after a hearing, a court finds it must decide an issue not originally before the parties, a supplemental hearing must be held. In the instant case the option of placing appellant with the Division for Youth in a PINS facility was clearly not argued. When the Family Court learned that it had to make a posthearing decision on that new option, due process required an opportunity for the parties to be heard. Upon this supplemental hearing, appellant shall be afforded limited access to the probation report pursuant to subdivision (b) of section 746 of the Family Court Act. Although that section purportedly allows the Family Court broad discretion in withholding such information, that discretion is limited by CPL 390.50, which establishes criteria and procedures for disclosure. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.