■ In the Matter of MARTIN S., Appellant, a Person Alleged to be a Juvenile Delinquent.—Appeal from four orders of the Family Court, Kings County, each dated August 5, 1976, which, after adjudications that appellant was a juvenile delinquent, placed him with the New York Division for Youth, Title III. Orders reversed, in the interest of justice, without costs or disbursements, and proceeding remanded to the Family Court for a new dispositional hearing before a different Judge, in accordance herewith. The juvenile was adjudged delinquent for the commission of acts constituting the crimes of criminal possession of stolen property, robbery in the third degree, attempted robbery in the third degree, and unlawful possession of a weapon by a person under the age of 16. Thereafter he was adjudged delinquent for the commission of acts constituting the crime of grand larceny in the third degree. The juvenile was then paroled by the court to the custody of his brother-in-law on condition that he attend and co-operate with a program at Coney Island Hospital. After a period of some two and one-half months, the juvenile appeared at a dispositional hearing before a Judge other than the Judge who had directed his parole. The probation office recommended that the juvenile receive probation on condition that he continue to attend the program. A social worker testified that the juvenile was responding well to family and therapeutic authority. The Judge presiding stated that she would not consider probation and placed the juvenile with the State Division for Youth, Title III. Nor would the Judge disclose portions of the *probation*

report to the Law Guardian. This was error under the circumstances of this case. A new dispositional hearing should be held before a Judge other than the Judge who presided at the dispositional hearing under review, at which time the court should hear the recommendations and report of the representatives of the office of probation concerning the juvenile's progress while attending the program at Coney Island Hospital. Moreover, limited access to the probation report should be afforded to the Law Guardian (see *Matter of Kenneth S.,* 52 AD2d 880). Hopkins, Acting P. J., Cohalan, Shapiro and Suozzi, JJ., concur.